### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID MUJAHEED ALAMIIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-1371-F |
| ) | |
| DAVID MILLER, et al, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff Wahiid Mujaheed Alamiin a/k/a/ James Shockey, a prisoner appearing pro se, has filed a complaint purporting to state a claim for violation of his constitutional rights under 42 U.S.C. §1983. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Currently before the Court is Plaintiff's motion for temporary restraining order/preliminary injunction. [Doc. Nos. 6, 12].

Great care must be used in the granting of interlocutory injunctive relief because of the extraordinary nature of that remedy. Commercial Security Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1356 (10th Cir. 1972). As a result, it may only be granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure 2d § 2952; see also Commercial Security Bank, 456 F.2d at 1356 ("We can only reiterate that Rule 65 must be strictly complied with.") Those safeguards require the movant to show that "immediate and irreparable injury, loss, or damage will result . . . before the

adverse party . . . can be heard in opposition," and certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b). In the declaration supporting his motion, Plaintiff does not address his efforts to notify the Defendants of the application or provide any reasons for his inability to provide such notice. See Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 12-2]. As a result, it is recommended that the motion for a temporary restraining order be denied. Commercial Security Bank, 456 F.2d at 1356 (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)).

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." General Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007). Plaintiff seeks an injunction requiring Defendants to "arrange for outside physicians treatment for chronic illnesses," and requiring them to serve him "Halaal" foods. Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ¶19 [Doc. No. 12-2]. Upon review of the motion and Plaintiff's amended complaint, the undersigned finds that Plaintiff has not shown a substantial likelihood of success on the merits, or that entry of a preliminary injunction would be consistent with the public interest.

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976). This obligation "includes medical treatment for inmates' physical ills [and] dental care[.]" Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980) (internal quotations and citations omitted). The fact that a state must provide medical and dental treatment does not mean, however, that mere negligence in diagnosing or treating an inmate's medical condition gives rise to a valid constitutional claim under the Eighth Amendment. Estelle, 429 U.S. at 106. Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. This standard is met when (1) there is a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000), and (2) a prison official "knows of and disregards an excessive risk to inmate health or safety," Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prisoner must satisfy both the objective component and the subjective component of the deliberate indifference test. Mata v. Saiz, 427 F.3d 745, 751-752 (10th Cir. 2005). Although a plaintiff may not like or agree with the treatment decisions made by prison staff, mere disagreement with the medical care provided is insufficient to state a cognizable constitutional claim for relief under § 1983. Perkins v. Kansas Department of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

In his motion for preliminary injunction, Plaintiff is essentially alleging that he disagrees with the decisions made regarding the treatment he has received for certain chronic

conditions. Plaintiff – who is currently housed at the Lawton Correctional Facility – claims that he is receiving different care for his illnesses than that received at his former place of incarceration: Great Plains Correctional Facility. Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ¶¶ 2, 10-15 [Doc. No. 12-2]. He has attached his requests for medical treatment, and the facility's responses to those requests, to the amended complaint. See e.g., Amended Complaint, Exs. 24, 25-1, 25-4, 27, 29-1, 29-2, 29-4, 30-1 and 30-3. Although these exhibits show that Plaintiff is clearly dissatisfied with the decisions of the medical staff, they also reveal that he has been seen and evaluated for his various alleged conditions. Id.  Such disagreements do not give rise to an Eighth Amendment claim for denial of adequate medical care.

"The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." Hammons v. Saffle, 348 F.3d 1250, 1254 (10th Cir. 2003) (citing O'Lone v. Shabazz, 482 U.S. 342, 348 (1987)).  Moreover, it is clearly-established law in this circuit that prisoners have a constitutional right to a diet conforming to their sincerely held religious beliefs, unless denying the diet is "reasonably related to legitimate penological interests." Beerheide v. Suthers, 286 F.3d 1179, 1184-1185 (10th Cir. 2002).

To determine whether a logical connection exists between the prison regulation and the asserted penological interest, the court must weigh several factors. Hammons, 348 F.3d at 1255. Those factors include the following: (1) whether there is a logical connection between the prison regulation and the asserted penological interest; (2) whether alternative

means of exercising the religious right in question remain open to inmates; (3) the impact of the accommodation of the right in question on guards and other inmates and on the allocation of prison resources; and (4) whether any policy alternatives exist that would accommodate the right in question at a de minimis cost to the prison. Id.

Plaintiff alleges that prison officials will not allow him to have a Kosher religious diet, even though the prison's Kosher diet offerings are also certified as "Halaal," and thus permitted by Islam. Plaintiff has attached administrative documents concerning this request for a Kosher diet plan to the amended complaint. See Amended Complaint, Ex. 13. Included therein is a form allowing an inmate to request a special diet. Amended Complaint, Ex. 13-9. The diets available are "Pork Free Diet," "Meat Free Diet," and "Kosher Diet." Id. On November 20, 2006, Plaintiff requested a "Kosher Diet," and the request was denied by the prison chaplain on December 1, 2006. Id. The prison's responses regarding Plaintiff's request for a Kosher diet clearly indicate that a Kosher diet is not available to Islamic prisoners. Id. at Exs. 13-10, 14-2, 14-7, 14-8. Plaintiff argues that because the "My Own Meal" diet offerings served to prisoners on an approved, Kosher religious diet indicate that they are also "Halaal," he is also entitled to a Kosher diet. Amended Complaint, p. 15. However, unless Plaintiff can show that the other special diets do not meet his religious requirements, the fact that the Kosher diet is also Halaal is not relevant to his First Amendment Claim. Plaintiff claims to be losing weight because he is not on a Kosher diet, but does not state what foods he is forced to avoid in order to adhere to his religious dietary requirements, or that the other special diets which are available do not meet those needs.

5

Accordingly, Plaintiff has not shown a substantial likelihood that he will prevail on the merits of his claim that denial of a Kosher diet violates his First Amendment rights.

Finally, the undersigned finds that Plaintiff has failed to show that the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. Turner v. Safley, 482 U.S. 78, 84-85 (1987). In Turner, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84-85. The desired injunction would obviously interfere with medical decisionmaking, and with the prison's efforts to ensure that inmates entitled to a particular religious diet receive it. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.

## **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Plaintiff's motions for temporary restraining order and preliminary injunction [Doc. No. 6, 12][1] be denied. Plaintiff is advised of the right to object to this Report and Recommendation by August 25, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing objections with the

---

[1] Plaintiff filed one motion with his original complaint, and then filed a second motion at the time the amended complaint was filed.

Clerk of Court. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 5th day of August, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE