## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WAHIID MUJAHEED ALAMIIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-1371-F** |
| | ) | |
| **DAVID MILLER, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Wahiid Mujaheed Alamiin a/k/a/ James Shockey, a prisoner appearing pro se, has filed a complaint under 42 U.S.C. §§ 1983 and 2000cc alleging violation of his constitutional rights and his rights under RLUIPA.  United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  The matter is currently before the undersigned for Plaintiff's failure to show cause why his claims against Defendant Leo Brown should not be dismissed under Federal Rule of Civil Procedure 4(m).

The complaint was filed on December 22, 2008. The 120-day period provided by Fed.R.Civ.P 4(m) for service has expired and no proof of service has been made to this Court with respect to Defendant Leo Brown, in accordance with Fed.R.Civ.P 4(l).  On July 16, 2009, the summons directed to Defendant Brown was returned unexecuted. [Doc. No. 23]. On August 4, 2009, Plaintiff was directed to effect service on the Defendants herein, including Defendant Brown, by August 24, 2009, or to show cause by that date why timely

service had not been made. [Doc. No. 25]. Plaintiff was warned that failure to either show service or cause for the lack of timely service would result in a recommendation that claims against the non-served Defendants be dismissed without prejudice. To date, Plaintiff has failed to respond to the order to show cause, and the docket sheet shows that no further steps have been taken to serve Defendant Brown. Plaintiff did effect service on Defendants Halvorson, Miller, Tinker, Carns and Morton. [Doc. Nos. 24, 29, 30, 31, 32].

Plaintiff is required to serve each Defendant with a summons and a copy of the complaint. See Fed. R. Civ. P. 4(c)(1). If service is not made within 120 days after filing of the complaint, the Court may dismiss the action against an unserved defendant without prejudice. Fed. R. Civ. P. 4(m). Here, almost eleven months have elapsed since Plaintiff filed his complaint, five months have passed since the undersigned authorized service, and three months have passed since the Court ordered Plaintiff to either show proof of service or cause for failure to serve. Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993). Thus, Plaintiff's failure to complete proper service on Defendant Brown within the time limits prescribed by Fed. R. Civ. P. 4(m) is grounds for dismissal of his claims against him in the absence of justification for the failure. See Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992).

The preliminary inquiry under Rule 4(m) is to determine whether a plaintiff has shown good cause for his failure to timely effect service. Espinoza v. United States, 52 F.3d

838, 841 (10th Cir. 1995).  In this regard, it is noted that Plaintiff has not responded to the undersigned's order directing him to show cause for his failure to timely serve Defendant Leo Brown. He has not otherwise informed the Court of any circumstances to take into consideration which may excuse his failure to serve Defendant Brown, and the docket sheet reflects no further efforts to effect service.  Nevertheless, the Court must still consider whether a permissive extension of time to serve him is warranted in light of several factors. Id. at 841-42.

Specifically, the Tenth Circuit Court of Appeals has noted that a permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." Espinoza, 52 F.3d at 842 (quotation and citation omitted). Additionally, as to pro se litigants, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Id. at 842 n.8 (quotation omitted).

At this juncture, an additional permissive extension of time is not warranted. Based on the allegations of the first amended complaint, the statute of limitations governing Plaintiff's claims against Defendant Leo Brown has not expired and will not expire in the imminent future.  A two-year statute of limitations governs § 1983 claims arising out of conduct that occurred in Oklahoma.  See Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988).  In his complaint, Plaintiff brings claims against Defendant Brown based upon a request to staff dated July 14, 2008.  Amended Complaint, 16. Thus, Plaintiff has until at

least July 14, 2010, to re-file a suit against Defendant Brown if his current claims against him are dismissed without prejudice based upon his failure to timely serve. Furthermore, Oklahoma's savings statute will provide Plaintiff with an additional period of time to bring an action against Defendant Brown if Plaintiff's claims against him are dismissed pursuant to Rule 4(m).  See Okla. Stat. tit. 12, § 100; see also Grider v. USX Corp., 847 P.2d 779, 783 (Okla. 1993) (noting that Okla. Stat. tit. 12, § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma."); Williams v. City of Guthrie, No. 03-6212, 109 Fed. Appx. 283, 286 (10th Cir. Sept. 8, 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court).[1]  Therefore, this factor counsels towards dismissal.  Further, there does not appear to be any policy consideration that may warrant granting Plaintiff an extension of time to serve Defendant Brown.  As originally multiple Plaintiffs filed this action, there was some delay before the Court ordered service to be made on June 10, 2009.  However, as noted, despite the Court's August 4 order, Plaintiff has taken no action to accomplish service on Defendant Brown.  Therefore, these factors suggest that dismissal is warranted.  Plaintiff's failure to timely serve Defendant Brown appears to be the result of attempted service at the incorrect address combined with Plaintiff's lack of any effort to attempt further service. [Doc. No. 23].  Such does not merit an additional extension of time to complete service.

In light of the foregoing, it is recommended that all of Plaintiff's claims against

---

[1]This and any other unpublished disposition are cited as persuasive authority pursuant to Federal Rule of Appellate Procedure. 32.1 and Tenth Circuit Rule 32.1.

Defendant Leo Brown be dismissed without prejudice pursuant to Rule 4(m) based upon Plaintiff's failure to timely serve him  Krueger v. Doe, No. 98-6144, 1998 WL 717286 (10th Cir. October 14, 1998) (upholding dismissal of pro se prisoner's complaint for failure to effect service on a defendant even though the statute of limitations had likely expired, and despite the fact that the plaintiff had made substantial effort to locate the defendant).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's claims against the Defendant Leo Brown be dismissed without prejudice pursuant to Rule 4(m). Plaintiff is advised of his right to file an objection to this Report and  Recommendation with the Clerk of this Court by December 10, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of all matters referred to the undersigned.

**ENTERED this 20th day of November, 2009.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE