# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAHIID MUJAHEED ALAMIIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1371-F |
| | ) | |
| DAVID MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Wahiid Mujaheed Alamiin a/k/a James Shockey, a prisoner appearing *pro se* whose pleadings are liberally construed, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights and his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).

The matters before the court are as follows. Plaintiff has objected (doc. no. 72) to the June 28, 2010 Report and Recommendation of Magistrate Judge Doyle W. Argo. (Report at doc. no. 64.) Defendants have not filed any objection to the Report. In that Report, Magistrate Judge Argo recommends that the Motion to Dismiss/Motion for Summary judgment of defendants Miller, Halvorson, Carns and Tinker (doc. no. 41), and the Motion to Dismiss/Motion for Summary Judgment of defendant Morton (doc. no. 39), be granted in part and denied in part. Certain requests for relief are included in plaintiff's objections to the Report. Finally, plaintiff has filed a motion (doc. no. 61) seeking reconsideration of a prior ruling.

With respect to the Report, as required by 28 U.S.C. §636(b)(1), the court has reviewed all objected to matters *de novo*. It is not necessary to review here all of the many points covered by the Magistrate Judge in his Report, which is quite thorough. Nor would any purpose be served by repeating any analysis here, given the detailed

Report submitted by the Magistrate Judge and the fact that, after concluding its own review and after careful consideration of plaintiff's objections, the record, and the relevant authorities, the court agrees with the Report and Recommendation of the Magistrate Judge.

Nevertheless, in an effort to be responsive to plaintiff's objections to the Report, the court notes a few matters.

Plaintiff objects to the lack of authenticated documents submitted with the motions. As this objection is not expressly covered in the Report, the court briefly responds to it here. Some of the recommended rulings do not depend on the documents. In any event, the motion at doc. no. 41 relies on matters contained in the special report called for the by the magistrate judge. The special report, in turn, contains an affidavit verifying that the contents of the special report are true and correct to the best of the affiant's knowledge. (Doc. no. 42, p. 21.) The exhibits to the motion at doc. no. 39 are an affidavit, court decisions, and a copy of the offender grievance policy. Plaintiff, himself, has submitted medical records regarding his treatment. Plaintiff has not presented any evidence to show that any documents relied on in the Report are not authentic. The court rejects plaintiff's objections based on lack of properly authenticated documents or evidence.

Plaintiff objects broadly to the standards applied by the Magistrate Judge. Upon review, the court finds that the Magistrate Judge applied the correct legal standards in reaching his recommendations.

Plaintiff also objects to certain proposed legal rulings. The court agrees with the Magistrate Judge's proposed rulings of law as stated in the Report.

Plaintiff argues that the magistrate judge did not review all of the record evidence. The court rejects this objection also, finding that the magistrate judge

reviewed all of the record evidence before making his recommendations in his lengthy and detailed Report.

After careful review, plaintiff's objections to the Report and Recommendation of Magistrate Judge Argo are **DENIED** (doc. no. 72), and the Report and Recommendation is **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in its entirety. The Motion to Dismiss/Motion for Summary Judgment of defendants Miller, Halvorson, Carns, and Tinker (doc. no. 41), is **GRANTED IN PART** and **DENIED IN PART** as more fully set out below and in the Report. The Motion to Dismiss/Motion for Summary Judgment of defendant Morton (doc. no. 39) is **GRANTED IN PART** and **DENIED IN PART** as more fully set out in the Report.

Based on these rulings, the adjudicated claims and the remaining claims are as follows.

Count one, alleging violation of plaintiff's right of access to the courts.

Because plaintiff has failed to come forward with any showing of actual injury, defendants Morton and Miller are granted summary judgment on plaintiff's claim for violation of his right of access to the courts. These defendants are also granted summary judgment on any claim that the failure to train plaintiff on use of the grievance policy or the charging of grievance appeal co-pays violated plaintiff's right to due process.

Accordingly, no claims remain for adjudication with respect to count one.

Count two, alleging violation of plaintiff's right to religious freedom (diet).

In their individual capacities, defendants Morton, Miller and Tinker are granted summary judgment on any claim for damages under RLUIPA. Under the Eleventh Amendment, defendants Morton, Miller, and Tinker are granted summary judgment for any claim for damages under § 1983 brought against them in their official

capacities.  Because plaintiff has failed to show their personal participation, defendants Morton and Miller in their individual capacities are granted summary judgment on plaintiff's First Amendment religious diet claim.

Accordingly, the claims remaining for adjudication under count two are plaintiff's RLUIPA religious diet claim against defendants Morton, Miler and Tinker in their official capacities for injunctive relief; and plaintiff's First Amendment religious diet claim against defendant Tinker individually.

<u>Count three</u>, alleging violation of plaintiff's other rights to exercise religious freedom.

Defendants Morton, Miller and Tinker are granted summary judgment on plaintiff's RLUIPA and First Amendment claims related to cancellation of Jumu'ah in November of 2006, and for restrictions upon the Ramadaan observance in 2008. Defendants Morton, Miller and Tinker are granted summary judgment on plaintiff's First Amendment claim related to denial of halal foods during `Eid-adha and denial of plaintiff's request to carry prayer oil on his person.

Accordingly, the claims remaining for adjudication under count three are those seeking injunctive relief under RLUIPA against defendants Morton, Miller, and Tinker in their official capacities for denying plaintiff's request for halal foods during the `Eid-adha feast, and for denying plaintiff's request to carry prayer oil on his person.

<u>Count four</u>, alleging violation of right to medical care.

Defendants Carns and Halvorson are granted summary judgment on all of plaintiff's claims under the Eighth Amendment for denial of adequate medical care.

Accordingly, no claims remain for adjudication under count four.

* * *

The court responds to some requests for relief embedded within the plaintiff's objections to the Report.

Plaintiff's objections include a request that the court exercise pendent jurisdiction over state law claims. While not a formal motion, this request is denied because no state law claims are alleged.

Plaintiff's objections also include requests for preliminary relief and a temporary restraining order. These requests are improperly embedded in his objections to the Report of the Magistrate Judge and do not constitute a formal motion for action by the court. Accordingly, they are denied for lack of a proper motion. They are also denied on their merits, for failure to show that such extraordinary relief is appropriate here. This denial is without prejudice to reconsideration at a later date, should circumstances warrant such a motion.

Plaintiff's request for appointment of counsel, also included in plaintiff's objections, is taken under advisement.

* * *

Lastly, plaintiff has filed a paper entitled, "Plaintiff Enters Before This Court to Seek Relief from the Following Court Order Document Number 60." (Doc. no. 61.) The court's order at doc. no. 60 denied a prior motion from the plaintiff (doc. no. 59), which sought relief from the court's order dismissing defendant Brown (who was previously dismissed without prejudice due to plaintiff's failure to timely serve him). Plaintiff's latest motion asks the court to reconsider a ruling in which the court declined to vacate its prior order with respect to this defendant. In other words, the latest motion is basically a motion to reconsider a ruling on a prior motion to reconsider. In addition, to the extent the motion is intended as one seeking relief under Rule 60 for clerical error, a rule cited in the motion, grounds for relief have not

been shown. For these and other reasons stated in the court's prior orders with respect to defendant Brown, the motion at doc. no. 61 is **DENIED**.

Dated this 10th day of September, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-1371p010.wpd